# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
(Filed:  May 11, 2018)

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | UNPUBLISHED |
| LISA BARKER, | * | |
| | * | No. 16-1554V |
| Petitioner, | * | |
| | * | |
| v. | * | Chief Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Petitioner's Motion for Dismissal; |
| AND HUMAN SERVICES, | * | Insufficient Proof of Causation; |
| | * | Hepatitis B; Shingles; |
| Respondent. | * | Cutaneous T Cell Lymphoma. |
| | * | |
| * * * * * * * * * * * * * | * | |

Renee J. Gentry, Vaccine Injury Clinic, George Washington University Law School, Washington, DC, for petitioners.
Althea W. Davis, United States Department of Justice, Washington, DC, for respondent.

## DISMISSAL DECISION[1]

On November 11, 2016, Lisa Baker ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2]  On March 8, 2017, petitioner filed an amended petition alleging that she developed cutaneous T cell lymphoma ("CTCL") as a result of the Hepatitis B ("Hep B") and shingles vaccines she received on December 30, 2014. Amended Petition, dated March 8, 2017, at ¶ 12. The information in the record, however, does not show entitlement to an award under the Program.

---

[1] This decision will be posted on the website of the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet.**  As provided by 42 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, Under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public in its current form. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act").  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

On May 10, 2018, petitioner moves for a decision dismissing her petition, stating that "[a]n investigation of the facts and science supporting has demonstrated to the Petitioner that she will be unable to prove that she is entitled to compensation" and that "to proceed any further would be unreasonable and would waste the resources of the Court, the respondent, and the Vaccine Program." Petitioner's Motion for Decision Dismissing Their Petition at ¶¶ 1, 2. Petitioner states that she understands that a decision by the Chief Special Master dismissing her petition will result in a judgment against her, and that she has been advised that such a judgment will end all of her rights in the Vaccine Program. Id. at ¶ 3. Petitioner states that she intends to protect her right to file a civil action. Id. at ¶ 4.

As an initial matter, the shingles vaccine, Zostavax[3] does not appear in the Table and is therefore not covered by the Program. Unlike the hepatitis B vaccine which is routinely administered to children, Zostavax is for immunization against varicella zoster (shingles) and is only administered to adults. Previous petitions seeking compensation for injury resulting from the shingles vaccine have been dismissed. See, e.g., Scanlon v. Sec'y of HHS, No. 13-219V, 2013 WL 5755061 (Fed. Cl. Spec. Mstr. Sept. 27, 2013), aff'd, 114 Fed. Cl. 135 (2013); Nilsen v. Sec'y of HHS, No. 10-110V, 2010 WL 1753471 (Fed. Cl. Spec. Mstr. Apr. 6, 2010); Doe/44 v. Sec'y of HHS, No. [redacted]V, 2009 WL 3124758 (Fed. Cl. Spec. Mstr. Sept. 25, 2009); Doe/47 v. Sec'y of HHS, No. [redacted]V, 2009 WL 3416368 (Fed. Cl. Spec. Mstr. Sept. 10, 2009).

To receive compensation under the Program, petitioner must prove either (1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that she suffered an injury that was actually caused by the vaccination. See §§ 13(a)(1)(A) and 11(c)(1). An examination of the record did not uncover any evidence that petitioner suffered a "Table Injury," nor does she allege that she suffered a "Table Injury." Therefore, petitioner's burden is to show actual causation, which she can do by filing medical records or an expert medical opinion in support of her claim. The medical records in this case do not establish causation. Petitioner also filed expert reports from Drs. Judy Mikovits and Francis Ruscetti. However, as the undersigned explained during the Rule 5 conference, the theories proffered by petitioner's experts were unpersuasive because they relied upon misleading references to medical literature and factual situations which were non-existent in the instant case. Rule 5 Order, ECF No. 34, at 2. The undersigned also noted that the theory that "human and animal DNA containing retroviral nucleic acids" can contribute to the development of CTCL to be very similar to a theory put forth and disproven in the J.M. et al. omnibus cases See J.M. et al. v. Sec'y of Health & Human Servs., 2017 WL 7409771 (Fed. Cl. Spec. Mstr. August 31, 2017). Finally, the undersigned noted that even if the expert reports did contain reliable and scientifically accurate information, they did not provide preponderant evidence of Althen Prongs II or III. Rule 5 Report at 2-3 (citing Althen v. Sec'y of Health & Human Servs., 418 F.3d 1274, 1278 (Fed. Cir. 2005)).

Under the Vaccine Act, a petitioner may not receive a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by

---

[3] See Zostavax official website at www.zostavax.com ("Zostavax is a vaccine used for adults 50 years of age or older to prevent Shingles (also known as zoster).").

the opinion of a competent physician.  § 13(a)(1).  In this case, there are insufficient medical records supporting petitioner's claim, and the medical theories espoused by Drs. Mikovits and Ruscetti are unpersuasive and inapplicable to the instant case.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that she suffered a "Table Injury" or that the injuries were "actually caused" by her December 30, 2014, vaccinations.  **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**


s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master